**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
(973) 514-1660 (facsimile)
*Attorneys for Defendants*
*Harlan B. Pyles and B&S Pyles Trucking, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORA SMOKER, DANIEL SMOKER,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLAN B. PYLES and B&S TRUCKING LLC and/or B&S PYLES TRUCKING LLC and JOHN DOE #1-20 (inclusive, fictitiously named defendants), and ABC CORP #1-20 (inclusive, fictitiously named defendants), and XYZ COMPANY (inclusive fictitiously named defendants)<br><br>Defendants. | Civil Action No. 1:19-cv-15251<br><br><br>**NOTICE OF REMOVAL**<br>**(Diversity)** |

Defendants Harlan B. Pyles ("Mr. Pyles") and B&S Pyles Trucking LLC (improperly pled as B&S Trucking LLC and/or B&S Pyles Trucking LLC) ("B & S") (collectively, "Defendants"), by and through their counsel, Bressler, Amery & Ross, P.C., pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and with a full reservation of any and all rights, claims, objections and defenses, hereby file this Notice of Removal from Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey. As for their reasons for removal, the Defendants respectfully state as follows:

**THE REMOVED CASE**

1. On or about June 17, 2019, there was commenced and is now pending before the Superior Court of the State of New Jersey, County of Camden, a civil action entitled Smoker, et

al. v. Pyles, et al., Docket No. CAM-L-002444-19 (herein after "State Court Action"). A true copy of the complaint filed in that matter is attached as Exhibit 1.

**JURISDICTION AND GROUNDS FOR REMOVAL**

2. This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1332(a)(1).

3. Defendant B & S is a limited liability company organized under the laws of the State of West Virginia, having its principal place of business at 1621 Lost River Park Road in Moorefield, West Virginia 26836. Defendant B&S has two members, Benjamin Pyles and Stacy Pyles, who are both residents of the State of West Virginia.

4. Defendant Harlan B. Pyles is a citizen of the State of West Virginia who resides at 412 Shoemaker Road, Lost City, West Virginia 26810.

5. Based upon the Complaint, Plaintiffs reside in Emmaus, Pennsylvania.

6. Accordingly, the diversity of citizenship requirement is satisfied pursuant to 28 U.S.C. § 1332(a)(1) and (c).

7. Plaintiff Debora Smoker asserts in the Complaint personal injury due to negligence in the operation, control, maintenance and/or supervision of said motor vehicle resulting in pain, suffering, medical expenses, and economic losses. Plaintiff Daniel Smoker is Plaintiff Debora Smoker's spouse and has brought *per quod* claims. Although the Complaint does not state the monetary amount that Plaintiffs seek in relief, Plaintiff Debora Smoker alleges a serious, substantial and permanent injuries including significant disfiguring scarring that affect Plaintiff's ability to engage in everyday activities. As of July 9, 2019, although we have not yet received any of Plaintiff's medical records setting forth her claimed injuries, Plaintiffs' attorney did indicate his belief that Plaintiffs' damages exceed $75,000.

8. Accordingly, in light of Plaintiffs' complaints, the fact that the accident involved a tractor trailer, and Plaintiffs' counsel's assertion regarding the value of this matter, Defendants have a good-faith basis to believe that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, the amount is controversy requirement is satisfied pursuant to 28 U.S.C. § 1322(a). This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and one which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## THE REMOVAL IS TIMELY AND PROCEDURALLY PROPER

9. Plaintiff filed his Complaint in state court on or around June 17, 2019.

10. Although, Defendants have not yet been served with a copy of the Summons and Complaint, Defendants learned of the lawsuit on July 1, 2019 as part of its own investigation. Defendants did not receive the Complaint prior to this date. Therefore, this Notice of Removal is filed within 30 days of first notice of the lawsuit and less than one year after commencement of the State Court Action. As such, it is timely under 28 U.S.C. § 1446(b).

11. All defendants consent to the removal of this action to the United States District Court for the District of New Jersey.

12. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' response to the Complaint is not due to be served until July 22, 2019.

## FILING OF REMOVAL PAPERS

13. Pursuant to 28 U.S.C. § 1446(d), Defendants concurrently herewith gives written notice of filing of this Notice of Removal to the Plaintiff and to the Superior Court, Camden

County, New Jersey.  A copy of that Notice is attached to this Removal.  (See Exhibit 2 (without exhibits)).

**WHEREFORE**, Defendants Harlan B. Pyles and B&S Pyles Trucking LLC (improperly pled as B&S Trucking LLC and/or B&S Pyles Trucking LLC) hereby removes Case Number CAM-L-2444-19 from the Superior Court of New Jersey, Law Division, Camden County to this Court for determination and respectfully requests that this Court make and enter an Order of Removal of Case Number CAM-L-2444-19.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Harlan B. Pyles and B&S Pyles Trucking LLC*

By: _____
MaryJane Dobbs

Dated:  July 12, 2019

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Harlan B. Pyles and B&S Pyles Trucking LLC*

By: _____
MaryJane Dobbs

Dated:  July 12, 2019

## **CERTIFICATE OF SERVICE**

On this day, I certify that a copy of the above and foregoing notice was caused to be filed with the United States District Court for the District of New Jersey by ECF.

I also hereby certify that a true copy of the above and foregoing notice was electronically filed by e-Courts with the Clerk's Office, Superior Court of New Jersey, Camden County Hall of Justice, 101 S. 5th Street, Camden, New Jersey 08103.

I also hereby certify that a true copy of the above and foregoing notice was delivered by Lawyers' Service to:

> Craig R. Levin, Esq.
> **FRIEDMAN & LEVIN ASSOCIATES**
> 1940 Route 70 East, Suite 2
> Cherry Hill, New Jersey 08003
> *Attorney for Plaintiffs*
> *Debora Smoker and Daniel Smoker*

_____
Emily J. Bordens

Dated: July 12, 2019

# Exhibit 1

**FRIEDMAN & LEVIN ASSOCIATES**
By: Craig R. Levin, Esquire
1940 Route 70 East, Suite 2
Cherry Hill, NJ 08003
856-782-1007
crl@crllaw.com

| | |
|---|---|
| DEBORA SMOKER | SUPERIOR COURT OF NEW JERSEY |
| DANIEL SMOKER | CAMDEN COUNTY |
| *Plaintiffs,* | LAW DIVISION |
| vs. | |
| | DOCKET NO.: |
| HARLAN B. PYLES | CIVIL ACTION |
| and | |
| B & S TRUCKING LLC AND/OR | |
| B & S PYLES TRUCKING LLC | |
| and | |
| JOHN DOE #1-20 (inclusive, | COMPLAINT AND DEMAND |
| fictitiously named defendants), | FOR JURY TRIAL |
| and ABC CORP #1-20 (inclusive, | (AUTO NEGLIGENCE) |
| fictitiously named defendants), | |
| and XYZ COMPANY (inclusive | |
| factiously named defendants) | (ARBITRABLE) |
| *Defendant(s)* | |

Plaintiff, Debora Smoker and Daniel Smoker by way of Complaint against the Defendants, say:

### FIRST COUNT

1. Plaintiffs, Debora Smoker and Daniel Smoker are individuals with an address at 3632 Lenape Lane, Emmaus, Pennsylvania.

2. Defendant, Harlan B. Pyles is an individual with an address at 412 Shoemaker Road, Lost City, West Virginia 26810.

3. Defendant, B & S Trucking LLC and/or B & S Pyles trucking LLC is a limited

liability company and/or other corporate entity with an address at 1621 Lost River State Park Road, Moorefield West Virginia 26836.

4. Defendants, Harlan B. Pyles and B & S Trucking LLC and/or B & S Pyles Trucking LLC regularly do business in all counties of the State of New Jersey.

5. On or about June 30, 2017, Plaintiff, Debora Smoker was the driver of a vehicle traveling on the exit 29 ramp from Interstate 78 East to Interstate 287 South, Somerville, New Jersey when she brought her vehicle to a stop due to the traffic in front of her.

6. At the above time and place, Defendant, Harlan B. Pyles was operating a tractor trailer directly behind Plaintiff and he failed to stop for the traffic in front of him, striking Plaintiff's vehicle in the rear. This accident caused Plaintiff's injuries and damages as herein described.

7. At all times relevant to this matter, Defendant, Harlan B. Pyles was acting individually and/or as agent, servant, workman and/or employee and/or in the furtherance of the business of Defendant, B & S Trucking LLC and/or B & S Pyles Trucking LLC.

8. At all times relevant to this material, Defendant, B & S Trucking LLC and/or B & S Pyles Trucking LLC negligently entrusted their vehicle to Defendant, Harlan B. Pyles.

9. The aforedescribed collision was proximately caused by the negligence, carelessness and recklessness of Defendant, Harlan B. Pyles, individually and/or acting as the agent, workman, servant and/or employee of Defendant, B & S Trucking LLC and/or B & S Pyles Trucking LLC, and consisted, inter alia, of the following:

        a) Operating a vehicle at an excessive rate of speed under the circumstances;
        b) Failing to give due regard to the position of the other vehicles;
        c) Operating a motor vehicle in violation of the law;

    d)    Failing to operate the vehicle in a safe and reasonable way;
    e)    Failing to yield the right of way;
    f)    Failing to obey traffic signals and/or regulations;
    g)    Failing to make proper observations of road and traffic conditions;
    h)    Failing to keep his vehicle under proper and adequate control;
    i)    Failing to bring his vehicle to a stop without striking Plaintiff's vehicle; and
    j)    Being otherwise negligent, careless and reckless under the circumstances; and

10.    As a direct and proximate result of the negligence or other tortuous conduct of the Defendants, as aforesaid, Plaintiff sustained serious, substantial and permanent personal injuries and significant disfiguring scarring to and about her person, both internally and externally, has been and will be hindered and precluded from attending to her usual and daily activities, occupations and duties, and has or may in the future be caused to incur expenses for medical treatment and medical care in an effort to cure and alleviate her injuries.

11.    As a direct and proximate result of the negligence and tortuous conduct of the Defendant, Plaintiff has been and may in the future be caused great pain and suffering and emotional distress and has been left with permanent disabilities and disfigurements.

12.    As a further result of this accident, Plaintiff incurred excess medical bills not covered by her insurance carrier and/or liens for medical bills paid. Plaintiff seeks reimbursement for said damages.

## SECOND COUNT

1.    For the sake of brevity, all of the paragraphs of the First Count of the Complaint are repeated herein and made a part hereof as if more fully set forth at length.

2.    At the aforedescribed time and place the defendants JOHN DOE #1-20, ABC CORP #1-20 and XYZ COMPANY #1-20 (inclusive, fictitious named defendants hereinafter

referred to as JOHN DOE for the sake of brevity), was the owner, driver, manufacturer, seller, reseller, or employer of the driver of the vehicle, in the course and scope of his or her employment, which struck and collided with the Plaintiff's vehicle or caused the vehicle Plaintiff was in to lose control; and/or was otherwise responsible for maintaining, repairing, restoring, or caring for said vehicle and was otherwise negligent and careless and/or reckless; and/or was either an owner, manager employee, or otherwise maintained an establishment which served alcohol to Defendant when he was visibly intoxicated; and/or was otherwise responsible for maintaining his or her property in a manner that did not cause a dangerous condition to those using the road; and/or was otherwise responsible for providing a safe intersection with sufficient lighting and proper traffic control devices, traffic control devices that were free and clear from obstruction; and/or was otherwise responsible for the proper design and maintenance of the highway; and/or negligently entrusted his or her vehicle to defendants; and/or was otherwise negligent, careless and/or reckless.

3. As a direct and proximate result of the negligence, carelessness, recklessness and/or failures of the Defendants, JOHN DOE, the Plaintiff, was caused to suffer severe and painfully disabling injuries of a permanent nature; has and will incur medical bills for the care and treatment of his injuries both presently and in the future; has and will incur a loss of wages, income and a diminution in earning capacity; and has been otherwise damaged.

WHEREFORE, Plaintiffs, demands judgment against the Defendants for damages, costs of suit, interest, and such other relief as this Court may deem fair and just.

## THIRD COUNT

1. For the sake of brevity, all of the paragraphs of the previous Counts of the Complaint are repeated herein and made a part hereof as if more fully set forth at length.

2. Plaintiff, Daniel Smoker, is the spouse of the Plaintiff, Debora Smoker, and is entitled to her services, care, society and consortium.

3. As a direct and proximate result of the Defendants' negligence and carelessness as previously stated herein, Plaintiff, Daniel Smoker, has been and will in the future be deprived of the services, care, society and consortium of his spouse, Debora Smoker.

4. As a direct and proximate result of the Defendants', negligence, carelessness and recklessness as previously stated herein, Plaintiff, Daniel Smoker, has incurred and will in the future incur medical bills and other charges in an attempt to cure and alleviate his spouse's injuries.

FRIEDMAN & LEVIN ASSOCIATES

By: _____
CRAIG R. LEVIN, ESQUIRE

DATE: 6-17-19

## RULE 4:5-1 CERTIFICATION

Counsel for plaintiff hereby certifies that to the best of our knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated. Counsel further certifies that, to the best of our knowledge, there are no other parties who should be joined in this action.

FRIEDMAN & LEVIN ASSOCIATES

DATE: 6-17-19          By: _____
                           CRAIG R. LEVIN, ESQUIRE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues in this cause of action.

FRIEDMAN & LEVIN ASSOCIATES

DATE: 6-17-19          By: _____
                           CRAIG R. LEVIN, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

Craig R. Levin, Esquire, of Friedman & Levin Associates, attorney for the plaintiff, is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

FRIEDMAN & LEVIN ASSOCIATES

DATE: 6-17-19          By: _____
                           CRAIG R. LEVIN, ESQUIRE

## DEMAND FOR INTERROGATORY ANSWERS

Plaintiff hereby demands certified answers to Form C Interrogatories from Defendants within the time prescribed by the Rules of Court.

## DEMAND FOR PRODUCTION OF PROOF OF INSURANCE LIMITS

Plaintiff hereby demands that Defendants produce within the time required by the Rules of Court adequate proof of the policy limits in effect covering Defendants on June 30, 2017.

FRIEDMAN & LEVIN ASSOCIATES

DATE: 6-17-19   By: _____
CRAIG R. LEVIN, ESQUIRE

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-002444-19**

**Case Caption:** SMOKER DEBORA  VS PYLES HARLAN
**Case Initiation Date:** 06/17/2019
**Attorney Name:** CRAIG R LEVIN
**Firm Name:** FRIEDMAN & LEVIN  ASSOCIATES
**Address:** 1940 ROUTE 70 EAST SUITE 2
CHERRY HILL NJ 08003
**Phone:**
**Name of Party:** PLAINTIFF : Smoker, Debora
**Name of Defendant's Primary Insurance Company
(if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO     **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/17/2019                                                                                         /s/ CRAIG R LEVIN
Dated                                                                                                   Signed

# Exhibit 2

MaryJane Dobbs, Esq. (No. 017121989)
**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
*Attorneys for Defendants*
*Harlan B. Pyles and B&S Pyles Trucking, LLC*

| | |
|---|---|
| DEBORA SMOKER, DANIEL SMOKER,<br><br>    Plaintiffs,<br><br>vs.<br><br>HARLAN B. PYLES and B&S TRUCKING LLC and/or B&S PYLES TRUCKING LLC and JOHN DOE #1-20 (inclusive, fictitiously named defendants), and ABC CORP #1-20 (inclusive, fictitiously named defendants), and XYZ COMPANY (inclusive fictitiously named defendants)<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY – LAW DIVISION<br>Docket No.: CAM-L-00244-19<br><br>Civil Action<br><br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:**   Clerk's Office
Superior Court of New Jersey
Camden County Hall of Justice
101 S. 5th Street
Camden, New Jersey 08103

Craig R. Levin, Esq.
**FRIEDMAN & LEVIN ASSOCIATES**
1940 Route 70 East, Suite 2
Cherry Hill, New Jersey 08003
*Attorney for Plaintiffs*
*Debora Smoker and Daniel Smoker*

**YOU ARE HEREBY NOTIFIED** that, on or about the 12th day of July, 2019, Defendants Harlan B. Pyles ("Mr. Pyles") and B&S Pyles Trucking LLC (improperly pled as B&S Trucking LLC and/or B&S Pyles Trucking LLC) ("B & S") (collectively, "Defendants") caused to be filed in the United States District Court for the District of New Jersey a Notice of Removal removing

the above-styled action from the Superior Court of New Jersey, Law Division of Camden County, New Jersey, to the United States District Court for the District of New Jersey.  A copy of the Notice of Removal is attached hereto as <u>Exhibit 1</u>.  The filing of this Notice with the Clerk of Superior Court of Camden County, New Jersey effected immediate removal of this action to the United States District Court for the District of New Jersey.

      **PLEASE TAKE FURTHER NOTICE** that this Notice of that filing is given pursuant to the provisions of 28 U.S.C. §1446(d) as amended.

      Respectfully submitted,

      **BRESSLER, AMERY & ROSS, P.C.**
      *Attorneys for Defendants*
      *Harlan B. Pyles and B&S Pyles Trucking LLC*

By: _____
      MaryJane Dobbs

Dated:  July 12, 2019

## **CERTIFICATE OF SERVICE**

On this day, I certify that the above and foregoing notice was caused to be electronically filed with the Clerk's Office, Superior Court of New Jersey, Camden County Hall of Justice, 101 S. 5th Street, Camden, New Jersey 08103 by e-Courts.

I also hereby certify that a true copy of the above and foregoing notice was delivered by e-Courts and Lawyers' Service to:

> Craig R. Levin, Esq.
> **FRIEDMAN & LEVIN ASSOCIATES**
> 1940 Route 70 East, Suite 2
> Cherry Hill, New Jersey 08003
> *Attorney for Plaintiffs*
> *Debora Smoker and Daniel Smoker*

*/s/ Emily J. Bordens*
Emily J. Bordens

Dated: July 12, 2019